Bradbury, J.
At an earlier day in this term, and in this action, (ante 142), this court gave judgment awarding a peremptory writ of mandamus commanding the respondent, as auditor of said county of Allen, “ Forthwith to proceed to inquire into the matter of the omission of property and investments from the tax returns of Calvin S. Brice, and to enter for taxation on the tax duplicate of said county any amounts thereof that may be found to have been improperly omitted during any of the years running back for five years from the year 1889, and to add thereto fifty per centum of the amounts so found to have been omitted during any of said years except the years 1884 and 1885, for which two latter years no penalty shall be added.”
On the day named in the writ therefor, the auditor made return to this court of his proceedings thereunder as follows:
“ In obedience to the aforesaid order of the court, I at once proceeded to the performance of the duty enjoined. I have examined the papers, testimony, etc., filed with me, and all the corrections suggested to be made, and upon full consideration whereof I have ascertained, as near as practicable, the true amount of personal property, moneys, credits, investments in bonds, investments in stocks, etc., that said Calvin S. Brice should have returned in each of the years specified in your order to me, .... and to each amount I have added in each of said years except for the years 1884 and 1885, fifty per centum, and I have multiplied the amounts obtained for the years 1884 and 1885, and the amounts for 1886, 1887, 1888 and 1889, thus increased by penalty, by the rate of taxation belonging to said years respectively, and have entered the same on the tax lists and duplicate in my office against him, and have given a certificate thereof to the county treasurer for collection, and I have filed in my office a statement of the facts and evidence upon which I made such corrections.”
*462 This return, while it does not state the amounts that were placed in the tax lists by the respondent in the proceedings had under the writ, nor set forth in specific terms all the steps taken in those proceedings, yet, shows in general terms a compliance with its command. The return, however, to a peremptory writ of mandamus is not conclusive of its own correctness; its office is to show that the acts commanded have'been performed. 14 Am. & Eng. Ency. of Law, 238. It is obvious that, neither the court issuing the writ, nor the ■party for whose benefit it has been issued, should be bound by the return; it being but a statement, not under oath, by the respondent that he has done that which he was commanded to do. If, by a false statement in his return, the respondent could conclude the opposite party, the remedy afforded by proceedings in mandamus would be of little or no value. The appropriate remedy to enforce obedience to the commandments of a peremptory writ of mandamus is to attach, as for a contempt, the person to whom it is directed, if he refuses or evades a compliance with its terms. Sevin v. Hanley et al., Wright, 588; State ex rel. Calkins v. Harvey, 14 Wis. 151; Commonwealth v. Sheehan et al., 81½ Pa. St. 132; People v. Pearson, 3 Scam. (Ill.) 270.
This remedy was invoked by the relator against the re•'spondent by a motion setting forth wherein, as he claimed, the respondent had refused or evaded such compliance. The grounds stated in the motion were six in number :
1. That the respondent did not proceed upon the facts and evidence submitted to him by the relator.
. 2. That the respondent took privately, without the knowledge or the means of knowledge by relator, the testimony of Calvin S. Brice.
3. That he did not inquire of said Brice, while he was a witness, into all matters touching his taxable property for the period of time named in the peremptory writ.
4. That he did not give his certificate to the county treasurer for the collection of the added tax as required by law.
5. That he entered all of the added tax upon the tax list and duplicate of 1890.
*463 6. That he entered the same as of April 7, 1891.
A rule was issued against the respondent requiring him to show cause, by a day named, why he should not be attached for contempt for disobeying the commands of the peremptory writ of mandamus in the particulars specified in the motion.
When the rule came up for final hearing, a large mass of evidence was submitted to the court respecting the course pursued by the respondent in investigating the matter of the omitted taxes of Mr. Brice, as by the peremptory writ he was commanded to do.
If this evidence had disclosed a course of collusive, color-able or evasive action on the part of the respondent in the investigation that he was commanded by the peremptory writ to undertake, the proceeding now before us would present a wholly different aspect; and although the peremptory writ may have commanded the respondent to proceed in a matter requiring the exercise of quasi judicial discretion not subject to control, ordinarily, by proceedings in mandamus, yet there are grounds to contend that such evasive, colorable or collusive conduct would render him amenable to the summary process of contempt. It is not necessary, however, to further pursue this branch of the inquiry, for there is not evidence sufficient to impeach the good faith of the respondent in conducting the investigation in question. On the contrary, it appears that, after being served with the peremptory writ, he promptly began the investigation, and proceeded with it day by day, with some interruptions on account of other official business, until he reached a decision. This decision placed on the tax lists a very much smaller amount of property than the relator contends should have been added in the light afforded by the evidence submitted to the respondent. It is onty in connection with this result, so unsatisfactory to the relator, that the first, second and third clauses of the motion, to compel the respondent to show cause why he should not be attached for contempt, can have any importance now. -In connection with other evidence, had there been enough of it, tending to show collusive, colorable or evasive action by the respondent, these statements *464 of the motion may have had additional importance as proof of bad faith, but the proof being insufficient on that point, they have now no value in that connection.
The first clause of the motion seems to assume that the peremptory writ commanded the respondent to conduct the investigation upon the evidence submitted to him by the relator. This is not correct. An examination of both the peremptory writ and the opinion delivered in the case, will not disclose any purpose in this court, when it awarded the writ, to prescribe to the respondent the evidence he should consider when making the investigation. It commanded him to proceed in the matter, hut left his discretion untrammeled, not only as to the testimony he should consider, but also as to the conclusion he might reach.
The second and third divisions of the motion charge the respondent with having conducted the examination of Mr. Brice privately, without the knowledge of the relator, and without any means of knowledge thereof on his part, and also that this examination of Mr. Brice did not extend to and include matters that he ought to have been compelled to speak of. The evidence respecting the place where Mr. Brice ' was examined, shows that while it was done in the absence of the relator, and without notice to him, yet that it was conducted in the office of the respondent. The testimony was taken down by a stenographer, and a type-written copy thereof filed as an exhibit in the present proceedings. An inspection of this exhibit discloses that Mr. Brice was permitted to proceed in his own way, and make such statements and explanations as he saw proper, and was subjected to no cross-examination whatever, a method of inquiry well adapted to conceal and cover up, rather than lay bare the circumstances of any given transaction. The respondent endeavors to explain how he came to conduct the examination of Mr. Brice . in this anomalous manner; and, without attempting to detail or analyze his own explanatory statements, or the testimony offered by him corroborative thereof, it is due to him to say that while it may not afford a complete justification of his action in this respect, yet it alleviates the harshness of its *465 features, and renders it consistent with good faith and an honest purpose.
Having acquitted the respondent of any evasive, collusive, colorable or dishonest intention or purpose, respecting his actions in the matter, there only remains for consideration the questions whether we can control his action, or correct his errors, if he. has committed any, in the course o'f the investigation conducted by him in obedience to the peremptory writ of mandamus.
It may be true that the respondent rejected evidence that should have been received and considered by him; that he did not give to evidence- which he did receive and consider its due weight, or that Mr. Brice should have been subjected to a more elaborate and searching examination; and that if all this had been properly done larger amounts of omitted properly would, or ought to have been, added to the tax lists, as relator claims. All of this, however, the respondent denies. Upon these matters we express no opinion. But if it be conceded that the contention of the relator is true in this respect this court can give no relief in the proceedings now before us; for mandamus, while a proper remedy to invoke to compel an inferior tribunal to act, is not adapted to review its action and correct its errors. 14 Am. & Eng. Ency. of Law, 110 and 111, and cases cited in notes 1 and 2.
The respondent was acting in a quasi judicial capacity; he had assumed jurisdiction and entered upon the investigation; the law imposed upon him the duty of hearing and weighing evidence and rendering a decision upon it. This, necessarily, involved the exercise of judicial discretion. And what are the acts of which relator complains in this connection, but errors of judgment, if they are errors at all, in a proceeding confided by law to his determination ? This being true his action in this connection affords no lawful ground for proceedings against him for contempt, for by the well settled law of this state this court has no authority, by proceedings in mandamus to control the discretion confided by law to inferior officers, boards or tribunals, whether it be judicial, or only quasi judicial, in its nature. Section 6742, Revised *466 Statutes; State v. Harris et al., 17 Ohio St. 616; Commissioners of Lake County v. Commissioners of Ashtabula County, 24 Ohio St. 401; State v. Commissioners, 31 Ohio St. 351-7; The State v. The Board of Fire Commissioners, 26 Ohio St. 24; Ex parte Black, 1 Ohio St. 30; Commissioners of R. and P. Turnpike Road v. The Commissioners, 1 Ohio St. 149. Other cases have been decided by this court illustrative of this general doctrine, as well as in the federal courts and the courts of last resort in most of the states of the Union. 14 Am. & Eng. Ency. of Law, 108, 109, 110, 111 and notes.
The fourth, fifth and sixth clauses of the relator’s motion for an attachment, except to the method adopted by the respondent in entering on the tax lists in his office, and on the duplicate thereof in the treasurer’s office, the several additions that he found should be made to the tax returns of Mr. Brice. He had discharged his quasi judicial functions and made a decision. The clerical work of recording it was purely ministerial and is prescribed by law. Section 2781, Revised Statutes.
This section prescribes that county auditors shall enter the additions “ on the tax lists in his office, giving a certificate therefor to the county treasurer, who shall collect the same as other taxes.” The only ambiguity that arises out of the words of the statute in this matter, results from the omission of the legislature to specify “ the tax lists ” on which the additions are to be placed. The practice in this respect in the several counties of the state varies considerably, as is shown by letters, filed as exhibits in the case, from more than seventy of the eighty-eight county auditors of the state. Many of them enter all the additions, though covering several years, on the tax list (called the auditor’s duplicate) in their office for the current year, and also upon the treasurer’s current duplicate, while a smaller number place each addition on the tax list of the year to which the addition belongs, and simply gives to the treasurer a certificate thereof, upon which he collects the tax as directed by the statute. This last is the proper practice. The statute, sec. 2781, directs the additions to be placed on the “tax *467 lists ” in the auditor’s office. The “ tax lists ” thus referred to is what is popularly called the auditor’s duplicate. The proper place to find the taxes for any given year is on the tax lists (auditor’s duplicate) of that year, and when the legislature ifl general terms directed the additions $ras ascertained to be placed on the tax lists in the auditor’s office, it should be held to have intended that each addition should be placed where the tax would have been found if originally and regularly returned by the proper assessing officer. This having been done, the auditor is not required to pass to the treasurer’s office and enter the additions on the duplicate, or duplicates found there. Instead of this his duty is to make out and give to the treasurer a certificate of the additions, stating therein the year, or years, if more than one, for which the additions had been made, and this certificate is sufficient authority to the treasurer to collect whatever tax it may contain.
It by no means follows that a non-compliance with- these directions of the statutes will invalidate the tax, if from all the entries in the offices of the auditor and treasurer it is made to appear that the auditor took action, and, in fact, made the additions sought to be collected. As to this, however, it is not necessary at this time to come to a decision.
That the respondent did not follow the directions of the statute in entering on the records the additions he made is clear; but this court had given no specific instructions in that regard. No such question was made before he had acted, and as he followed the precedents of his predecessors in office, and as those precedents find support in a majority of the counties of the state, it is difficult to see upon what solid ground his action in this respect could be regarded as contemptuous.

Rule discharged at the cost of the relator.